## In Re a MINOR CHILD

High Court of American Samoa
Trial Division

JR No. 53-92

December 8, 1993

Before KRUSE, Chief Justice, TAUANU'U, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Petitioners, Roger K. Hazell

Order Denying Petition for Voluntary Relinquishment:

The natural parents have filed a petition for voluntary relinquishment in seeking to terminate their parental rights to their nine year old daughter, whose adoption is being sought by her maternal grandparents. As in most petitions anticipating grandparent adoption, the principal ground advanced for termination is that the child has been in the primary care of the grandparents since birth.

 In these matters, the court has been loathe to sever a child's legal relationship to his or her parents unless it is satisfied that the child's best interests are enhanced by the drastic action of changing his or her legal status. Thus, the Court has taken care to ensure that there be some "net benefit" to the minor before severing his legal ties to his natural parents and their corresponding obligations of support. *In re Two Minor Children*, 11 A.S.R.2d 108, 109 (1989); *see also In re A Minor Child*, 13 A.S.R.2d 33 (1989); *In re A Minor Child*, 12 A.S.R.2d 15 (1989).

While the law does not discourage adoption in accordance with Samoan custom, a change in legal status is not necessary to facilitate customary *fa'a Samoa*.

Here, the evidence simply does not tell us that the parents are less equipped than the grandparents, who have undoubtedly proven fit and capable caregivers, to provide for the child. Especially in terms of her "future" interests, the child is better off remaining legally dependent on her younger and able-bodied parents.

We are unable to say that the child's interests would be better served by changing her legal status and thereby terminating her right to look to her parents for future support. The petition is, therefore, dismissed.

It is so ordered.